[Civ. No. 22086.   Second Dist., Div. One.   Jan. 2, 1957.]

JARED R. HAINES et al., Appellants, v. JERRY FISHER et al., Respondents.

William H. Haupt for Appellants.

Emmett A. Tompkins for Respondents.

DORAN, J.—This is an action for damages.

■ The facts, as recited in appellants' brief and supported by the record, are as follows:

"In this action for rescission of a purchase of real property, or for damages if rescission be denied, the plaintiffs had judgment against the fraudulent sellers for damages. In the complaint it is alleged that the purchase price was $11,950.00 and in the findings this was found to be true. This property was represented by defendant sellers, as being in good condition and free of all termite or dry-rot infestation; these representations were made with intent that the plaintiffs should rely thereon, the said defendants knowing that the plaintiffs were wholly ignorant of any facts which would have revealed to them the presence of termites or dry-rot. Plaintiffs believed these representations, and in reliance thereon purchased this property. The representations were in fact false and were known by these defendants to be false, and in fact they knowingly suppressed the true facts as to the condition of this property. The property was badly infested with and damaged by termites and dry-rot.

"The Court found that the reasonable market value of the property purchased, at the time of this sale, was $8,500.00, due to this termite and dry-rot condition, but concluded that plaintiffs were entitled to judgment for only the sum of $1,600.00 as against the fraudulent vendors. The Court further concluded that this sum should be applied against a note held by the fraudulent vendors, taken as a part of the sale price, which was payable at $44.50 per month, and not due and payable for a long time thereafter. On May 29, 1956, judgment in keeping with these conclusions was entered."

It is contended on appeal that the trial court should be directed to modify the judgment in keeping with the facts as found so as to allow the sum of $3,450 damages and to eliminate the provisions for setoff and as so modified the judgment should be affirmed.

In connection with the sale and purchase of the property a termite inspector checked the condition of the property and reported the property to be free of termites. The court found that defendants had "caused and procured" a false report to be made by the termite inspector. The court also found that the inspector was not the employee or agent of plaintiff.

Respondent contends that, "the only person liable is C. Harold MacInnes, the termite contractor issuing the certificate on whom everyone relied."

Appellants' contentions are supported by the record and the law. It is ordered that the judgment be modified so as to allow the sum of $3,450 damages and that provision for setoff be eliminated. As so modified the judgment is affirmed. Appellants to recover costs on appeal.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied January 28, 1957, and respondents' petition for a hearing by the Supreme Court was denied February 27, 1957.